UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TERRY WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| ABM INDUSTRIES | ) |
| INCORPORATED, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Terry Walker ("Walker" or "Plaintiff"), by counsel, brings this action against Defendant, ABM Industries Incorporated. ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*, and Indiana law.

**II. PARTIES**

2. Walker is a resident of Gibson County, Indiana, who at all relevant times to this action resided and worked within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §2000e-5(f)(3) and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 42 U.S.C. §12111(5).

6. Walker was an "employee" as that term is defined by 42 U.S.C §2000e(f) and 42 U.S.C. §12111(4).

7. Walker satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on disability and sexual orientation. Walker received the required Notice of his Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Walker is a gay man. Defendant was made aware of Walker's sexual orientation.

10. Walker was hired by Defendant on or about January 13, 2013, as an Assistant Manager. Defendant is a contractor that provides cleaning and environmental services to various plants and locations. Walker was the manager over Defendant's operations at the Toyota plant.

11. Walker was not provided with an employee handbook at the time of his hire and subsequently was not provided with a copy of the handbook or alerted how to access the handbook information until shortly before his termination.

12. At all relevant times, Walker met or exceeded Defendant's legitimate performance expectations. Walker performed his job so well that he was promoted to Manager, and he received multiple nationally recognized awards during his employment.

13. In or around August 2021, Walker sustained a hernia injury at work that would require him to have surgery. Walker alerted management, and he notified his superiors that someone would need to be trained to perform his duties in the interim while he was on short leave.

14. Despite numerous emails, Defendant was unresponsive as to training someone so that Walker could schedule the surgery. Eventually, in or around September 2022, Walker's repeated requests for assistance elicited a response from HR; however, HR then alerted Walker that they could not find a surgeon to perform the surgery with Defendant's workman's compensation policy.

15. Walker continued to request assistance with his disability and workman's compensation claim.

16. In or around Fall 2022, Defendant's employees continuously harassed Walker's sexual orientation and called him "Stewie".

17. On or about December 28, 2023, a co-worker attempted to grab Walker's genitals at work.

18. On or about January 6, 2023, Walker verbally complained of sexual harassment and discrimination based on his sexual orientation to his boss, Lesley Padilla ("Padilla"). Defendant took no remedial action.

19. On or about January 9, 2023, Defendant's HR came to Walker's branch and interviewed all of the employees to obtain complaints regarding Walker.

20. On or about January 10, 2023, Walker sent a follow up email to Padilla again complaining of sexual harassment and discrimination in the workplace. Again, no remedial action was taken.

21. On or about January 23, 2023, Defendant terminated Walker. Walker had never received any formal discipline or write ups during his 10-year tenure with Defendant. Defendant did not follow their disciplinary policy in regard to Walker's termination.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

22. Walker hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23. Defendant violated Walker's rights as protected by the ADA, 42 U.S.C. §12101 *et seq*. by discriminating against him because of his actual or perceived disability. Defendant failed to accommodate him and subjected him to disparate treatment because of his disabilities in violation of the ADA.

24. Walker was terminated because of his disability.

25. Defendant's actions were intentional, willful, and in reckless disregard of Walker's rights as protected by the ADA.

26. Walker has suffered damages as a result of the Defendant's unlawful actions.

### COUNT II: SEX DISCRIMINATION

27. Walker hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Defendant discriminated against Walker based on his sexual orientation.

29. Defendant's actions were intentional, willful, and in reckless disregard of Walker's rights as protected by Title VII of the Civil Rights Act of 1964.

30. Walker has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: SEXUAL HARASSMENT

31. Walker hereby incorporates paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32. Walker was sexually harassed and subjected to a hostile work environment.

33. Defendant's actions were intentional, willful, and in reckless disregard of Walker's rights as protected by Title VII of the Civil Rights Act of 1964.

34. Walker has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: WORKERS' COMPENSATION RETALIATION

35. Walker hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth at length herein.

36. Defendant has retaliated against Walker for his pursuit of Workers' Compensation Benefits by terminating his employment in violation of Indiana law.

37. Defendant's actions were intentional, willful, and in reckless disregard of Walker's rights as protected by Indiana law.

38. Walker has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Terry Walker, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Walker's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Lewi of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violations of the ADA and Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  */s/ Sarah E. Guffey*
Sarah E. Guffey
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: sguffey@bdlegal.com
*Counsel for Plaintiff, Terry Walker*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Terry Walker, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Sarah Guffey*
Sarah Guffey
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: sguffey@bdlegal.com
*Counsel for Plaintiff, Terry Walker*